UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFREDO MARTINEZ,<br><br>Defendant. | No. 1:20-cr-00072-ADA<br><br>ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL<br><br>(ECF No. 27) |

**I.**

**Procedural Background**

On May 25, 2022, the Court issued an arrest warrant for Defendant Alfredo Martinez based on allegations of unauthorized out-of-state travel in violation of the terms of his supervised release. (ECF Nos. 4, 5.) Mr. Martinez admitted a violation,[1] and, on October 21, 2022, the Court filed a judgment sentencing Mr. Martinez to a term of nine months in the custody of the Federal Bureau of Prisons. (*See* ECF No. 20.) Prior to the sentencing hearing, the Court received and reviewed memoranda from Mr. Martinez's probation officer and defense counsel. (ECF No.

---

[1] Mr. Martinez initially admitted to a violation of his supervised release at a September 7, 2022 status conference before a Magistrate Judge. (ECF No. 15.) Following that admission, Mr. Martinez called his probation officer and stated that "he did not really want to admit to the charge because he did not know he was not allowed to travel out of the state." (ECF No. 17 at 5.) At the October 17, 2022 sentencing hearing, the Court again asked Mr. Martinez if he wanted to admit a violation. (ECF No. 28 at 5–7.) Mr. Martinez confirmed that he was willing to enter an admission. (*Id.* at 6:25–7:2.)

28 at 3:23–4:1.) The Court ordered Mr. Martinez to surrender himself to the United States Marshal on November 3, 2022. (ECF No. 20 at 2.) The same day as the sentencing, Mr. Martinez filed a notice of appeal with the Ninth Circuit. (ECF No. 22.) On October 31, 2022, Mr. Martinez filed a motion for bail pending the outcome of his appeal. (ECF No. 27.) The government filed an opposition on November 1, 2022. (ECF No. 29.) Mr. Martinez did not file a reply brief.

## II.

## Legal Standard

There is a presumption that defendants who have been "found guilty of an offense and sentenced to a term of imprisonment" will remain detained while they appeal their convictions. 18 U.S.C. § 3143(b). A court may grant bail pending appeal when (1) it finds by clear and convincing evidence that the defendant does not present a risk of flight or danger to the public, and (2) it finds that "the appeal is not taken for the purpose of delay and raises a substantial question of law or fact" that is likely to result in reversal, an order for a new trial, a non-prison sentence, or a reduced sentence shorter than the expected duration of the appeal. *Id.* at 3143(b)(A)–(B). The Defendant bears the burden of proving that he is eligible for bail. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985); *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

The second prong of the section 3143(b) analysis presents a two-part inquiry. *See Handy*, 761 F.2d at 1281 ("[T]he word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented.") First, courts must determine whether the defendant's appeal presents a "substantial question." A substantial question is one that is "fairly debatable" or "fairly doubtful." *Id.* at 1283 (citations omitted). "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* (quoting *United States v. Giancola*, 754 F.2d 899, 901 (11th Cir. 1985)). Such a question might be one that presents a novel legal issue, unique facts, or questions concerning the scope of precedent. *Id.* at 1281 (citing *D'Aquino v. United States*, 180 F.2d 271, 272 (11th Cir. 1950)). Even if the

defendant's appeal presents a substantial question, however, courts should grant bail only if it is likely that a decision favorable to the defendant would result in reversal or a new sentence. *United States v. Baras*, No. CR 11-00523-YGR, 2014 WL 4728992 at *3 (N.D. Cal. Sep. 18, 2014) (quoting *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003)).

## III.

## Discussion

**A.     Mr. Martinez does not present a risk of flight or danger to the community.**

Mr. Martinez is currently out of custody – the Court released him on June 7, 2022, pending the outcome of his case. (ECF No. 9.)  Additionally, the Court did not order Mr. Martinez into custody at the sentencing hearing, but instead permitted him to turn himself into the United States Marshal at a later date.  Mr. Martinez argues that these previous decisions, combined with the fact that he has not violated the terms of his release in this case, demonstrate that he does not pose a risk of flight or danger.  (ECF No. 27 at 6.)  The government argues that Mr. Martinez's past record of disregarding and disobeying court orders demonstrates that he cannot show by clear and convincing evidence that he does not present a risk of flight or danger to the community.  (ECF No. 29 at 3.)

The Court is inclined to agree with Mr. Martinez.  It first notes that the presentence report belies Mr. Martinez's claim that he has complied with all conditions of his release.  In that report, to which defense counsel made no objections, Mr. Martinez's probation officer notes at least three violations of the terms of Mr. Martinez's release.  Nevertheless, the Court does note that Mr. Martinez has appeared at his court hearings and has "always displayed a respectful demeanor towards the probation officer . . . ."  (ECF No. 17 at 7.)  Given these facts, the Court has no reason to believe that Mr. Martinez would present a risk of flight or danger.

**B.     Mr. Martinez's appeal does not present a "substantial question" likely to result in reversal or re-sentencing.**

Mr. Martinez argues that the Court's sentence was improper because of two facts it considered at the sentencing hearing. (ECF No. 27 at 6–7.)  The Court will discuss each in turn.

    **i.     Consideration of the circumstances surrounding Mr. Martinez's arrest.**

At sentencing, the Court noted that it had "grave concerns" that federal officers found $300,000 to $400,000 in cash when they arrested Mr. Martinez in Florida on allegations of traveling out-of-state while on supervision. (ECF No. 28 at 10:22–11:2.) Mr. Martinez argues that this statement was improper because the court "failed to acknowledge that no evidence had ever been shown that provided a logical nexus between Mr. Martinez and the [money] . . . ." (ECF No. 27 at 7.)

As discussed above, the burden to demonstrate that the appeal presents a "substantial question" falls on Mr. Martinez. As the government states, 18 U.S.C. § 3583(e) and 18 U.S.C. 3553(a)(1) permit courts to consider "the nature and circumstances of the offense" when sentencing defendants for violations of supervised release. (ECF No. 29 at 5.) Mr. Martinez's briefing, however, cites to no case law or statutory authority indicating that the facts the Court considered in this instance would not constitute "the nature and circumstances of the offense" within the meaning of sections 3583 or 3553(a)(1). Without knowing the legal basis for Mr. Martinez's argument, this Court cannot say that his appeal presents a substantial question of law or fact. *See Montoya*, 908 F.2d at 451.

Even if Mr. Martinez did present a substantial question, the Court finds that his appeal would not be likely to result in reversal or re-sentencing because Mr. Martinez failed to preserve any objection. To preserve a claim of error, parties must object at the time a court makes its ruling or order. Fed. R. Crim. P. 51(b). A defendant has multiple opportunities to make objections to factors that the court considers at sentencing. First, defendants must file any objections to the presentence report that probation files within fourteen days of receiving it. *Id.* at 32(f)(1). The Court must also permit the defendant to comment on the presentence report at the sentencing hearing and may allow new objections prior to the imposition of the sentence. *Id.* at 32(i)(C)–(D). When a party fails to object, appellate courts will not review a judge's ruling unless it amounts to plain error. *See id.* at 52(b). Plain error occurs when a judge's error is obvious, and the defendant demonstrates that it was prejudicial – likely to affect the outcome of the proceeding. *United States v. Olano*, 507 U.S. 725, 734 (1993). Under this standard, appellate courts have discretion to reverse, and should only do so when "the error 'seriously affect[s] the

4

fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 732 (quoting *United States v. Young*, 470 U.S. 1, 15 (1985).

The probation officer's report discusses the circumstances of Mr. Martinez's arrest. (ECF No. 17 at 4.) Mr. Martinez did not file any objections to the presentence report, and his sentencing memorandum makes no mention of the facts surrounding his arrest. (*See generally* ECF No. 18.) At the sentencing hearing, Mr. Martinez's counsel stated that he reviewed the report with Mr. Martinez prior to the hearing. (ECF No. 28 at 4:6–15.) When the Court asked Mr. Martinez's counsel if he wanted to be heard on sentencing, he declined to add anything beyond his suggestion that the Court sentence Mr. Martinez to one day in custody. (*Id.* at 7:19–20.) Even after the government and probation mentioned the money found with Mr. Martinez at his arrest, (*Id.* at 8:12–21; 10:10–17), neither Mr. Martinez nor his counsel objected to the Court's use of this information for purposes of sentencing.

As discussed above, Mr. Martinez has not demonstrated that the Court erred by considering the circumstances surrounding his arrest, much less that the error was obvious or affected the outcome of his sentencing. The Court also notes that, while it sentenced Mr. Martinez to a term at the top of the guidelines, the sentence was, nevertheless, within the guideline range. Therefore, the Court finds that it is not likely that Mr. Martinez's appeal on this issue would result in reversal or re-sentencing.

### ii. Consideration of Mr. Martinez's alleged failure to provide documentation to his probation officer about his April 2020 trip to Mexico.

The Court also stated at sentencing that it recognized a pattern of Mr. Martinez not taking responsibility for his actions. (ECF No. 28 at 11:3–9). Specifically, it referenced a statement Mr. Martinez made during the sentencing hearing where he objected to an assertion in the probation officer's sentencing memorandum that he had failed to provide documentation of a pre-approved trip to Mexico in April 2020. (*Id.* at 9:20–10:3; *see also* ECF No 17 at 3.) Mr. Martinez argues that consideration of this incident was improper because the allegation was "unsubstantiated." (ECF No. 27 at 7.) Following the hearing, Mr. Martinez filed with the Court a screenshot of a text message he had sent to his probation officer on April 22, 2020 showing proof that he had

5

been in Mexico for his grandmother's funeral. (ECF No. 27 at 15.) After receiving a copy of this document, Mr. Martinez's probation officer filed a memorandum with the Court asserting that she had overlooked this message because Mr. Martinez had changed his phone number shortly after he sent the message. (ECF 29-1 at 2.) Because of this change, the probation officer had inadvertently failed to look at messages under Mr. Martinez's prior number. (*Id.*)

The Court has no reason to believe that the probation officer's misstatement in the sentencing memorandum was anything more than an oversight. Regardless of the probation officer's good or bad faith, however, the Court did not rely on this single instance of miscommunication in rendering its sentence. Rather, the Court noted a "theme" in Mr. Martinez's interactions with the Court and probation of not taking responsibility. (ECF 28 at 11:3–4.) Mr. Martinez's alleged failure to provide documentation of his April 2020 trip to his probation officer was one example of that theme, but not the only one. Another example the Court mentioned on the record were statements Mr. Martinez made about wishing to withdraw his initial admission of guilt because he did not know he was prohibited from traveling out of state. (*Id.* at 4–7.) The Court also read and considered the probation officer's full sentencing memorandum, to which Mr. Martinez filed no objections. That memorandum details numerous instances of Mr. Martinez providing excuses for failing to communicate with his probation officer. (*See* ECF No. 17 at 3–5.) The fact that the Court mentioned one example that turned out to be controverted does not negate the fact that the remainder of Mr. Martinez's conduct still demonstrates a pattern of failing to take responsibility for his actions. Based on this, the Court cannot find that Mr. Martinez raises a substantial question of fact or law on appeal or that his sentence is likely to be reversed.

///
///
///
///
///
///

Accordingly,

1. Defendant's Motion for Bail Pending Appeal, (ECF No. 27), is denied;

2. The Court finds that Defendant has failed to demonstrate that his appeal presents a substantial question of law or fact likely to result in reversal; and

3. Defendant is ordered to surrender himself to the United States Marshal, as previously ordered, (ECF No. 20), on November 3, 2022 at 2:00 p.m.

IT IS SO ORDERED.

Dated:   November 2, 2022

UNITED STATES DISTRICT JUDGE